[See Case No. 13,762, and note.]

## Case No. 13,764.

### TATHAM et al. v. LOWBER et al.

[2 Blatchf. 49;[1] 1 Fish. Pat. Rep. 149; 44 Jour. Fr. Just. 188; Betts' Scr. Bk. 118.]

Circuit Court, S. D. New York. April 21, 1847.

PATENTS—ALIEN PATENTEE—PUTTING UPON MARKET—WHAT NECESSARY—ASSIGNEE.

1. An American assignee of an alien inventor, who obtains letters patent in his own name from the United States, under section 6 of the act of March 3, 1837 (5 Stat. 193), is not within the alien clause of section 15 of the act of July 4, 1836 (5 Stat. 123), which requires the patentee, if an alien at the time the patent was granted, to put and continue on sale to the public, on reasonable terms, the invention for which the patent issued. That clause applies only to an alien patentee.

2. It is not necessary, under that clause, for an alien patentee to prove that he hawked the patented invention to obtain a market for it, or that he endeavored to sell it to any person.

3. But it rests on those who seek to defeat the patent, to prove that the patentee neglected or refused to sell the patented invention for reasonable prices when application was made to him to purchase.

In equity. This was an application for a provisional injunction to restrain the infringement of re-issued letters patent granted to the plaintiffs, March 14, 1846, for fourteen years from August 31, 1837, for "improvements in the machine for making or manufacturing pipes and tubes from lead or other metallic substances." The invention was one made by John Hanson and Charles Hanson, of Huddersfield, England, and for which letters patent were granted to them in England dated August 31, 1837. The original patent in the United States was issued on the 29th of March, 1841, to Benjamin Tatham, Jr. and Henry B. Tatham, two of the plaintiffs, as assignees of the Hansons. The other plaintiff, George N. Tatham, became interested in the patent before the re-issue. The plaintiffs were all citizens of the United States. In opposition to the motion, it was attempted to be shown that application had been made [by Robert W. Lowber and others] to the plaintiffs to purchase an interest under their patent, but that they refused to sell, desiring themselves exclusively to manufacture lead pipe under their patent, and to control the business. It

was insisted that the plaintiffs had thereby subjected themselves to the operation of the clause in section 15 of the patent act of July 4, 1836 (5 Stat. 123), which provides that a defendant, in an action on the case for an infringement of a patent, may, under a previous notice to that effect, show that the patentee, if an alien at the time the patent was granted, had failed and neglected, for the space of eighteen months from the date of the patent, to put and continue on sale to the public, on reasonable terms, the invention or discovery for which the patent issued, and that, in that case, judgment shall be rendered for the defendant, with costs. The plaintiffs offered evidence to show that they had not neglected or refused to sell rights under their patent in a manner to bring themselves within the statute.

Seth P. Staples, Charles O'Connor, and George C. Goddard, for plaintiffs.
Daniel Lord and William Curtis Noyes, for defendants.

Before NELSON, Circuit Justice, and BETTS, District Judge.

THE COURT held: [That the specification of the patent to plaintiffs (re-issued March 16, 1846) claims as the invention a combination of arrangement of the parts of machinery described, by which pipe, with the operation of hydraulic pressure, is made with lead in a set or semifluid state. That the machine used by the defendants is in substance the same as plaintiffs. That the patentees can legally take out the re-issued patent for more than is described in the surrendered one, if it does not exceed the actual discovery when the first was taken out. That the evidence satisfactorily establishes that the Hansons were the first and original discoverers of the combination of arrangement embraced in the patent.][2] That the plaintiffs, on the grant of patent to them upon the assignment of the alien inventors, took and held it with all the privileges belonging to American patentees, and that the alien clause in section 15 of the act of 1836 applied only to alien patentees, and not to American patentees who became such as assignees of alien inventors under the sixth section of the act of March 3, 1837 (5 Stat. 193). That even if the plaintiffs took their right with the condition attached to alien patentees, yet they had satisfied the statute. That they need not prove that they hawked the patented improvement to obtain a market for it, or that they endeavored to sell it to any person, but that it rested upon those who sought to defeat the patent to prove that the plaintiffs neglected or refused to sell the patented invention for reasonable prices when application was made to them to purchase. [That the sales by the plaintiffs, and those they proposed and offered,

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [From Betts' Scr. Bk. 118.]

were of the invention or discovery within the meaning of the act. That the proof is sufficient to charge all the defendants directly and indirectly with using the machinery in violation of the plaintiff's right. Let an injunction therefore issue.] [2]

[At the final hearing of the case there was a decree in favor of the complainant. See Case No. 13,765. This was affirmed upon appeal by the supreme court. 22 How. (63 U. S.) 132.]